# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| FAITH SATELLITE RADIO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>LUTHERAN CHURCH MISSOURI SYNOD, *et al.*,<br><br>    Defendants. | Civil Action No. 10-1373 (CKK) |

# MEMORANDUM OPINION
(October 4, 2010)

This action was removed from the Superior Court of the District of Columbia on August 16, 2010 by Defendant Lutheran Church Missouri Synod ("LCMS"). Defendants Reverend John Loum ("Loum") and Reverend Yohannes Mengsteab ("Mengsteab") consented to removal on August 18, 2010. *See* [3] Notice of Consent to Removal. On September 7, 2010, Defendants LCMS and Mengsteab filed a [13] Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, and Alternative Motion to Transfer Venue. On September 13, 2010, Defendant Loum filed a [16] Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer Venue. Plaintiff Faith Satellite Radio, LLC ("FSR") opposes the motion filed by Defendants LCMS and Mengstead but consents to Defendant Loum's motion. Accordingly, the Court shall grant Defendant Loum's [16] Motion to Dismiss; the dismissal shall be without prejudice. The Court shall address Defendants LCMS and Mengsteab's motion to dismiss at a future date.

Presently pending before the Court is Defendants LCMS and Mengsteab's [19] Motion for Protective Order and Motion to Quash. In their motion, Defendants move the Court to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 16.3 and to

quash subpoenas issued by FSR to third parties under Rule 45(c). In addition, Defendants seek to recover expenses they incurred in drafting their motion pursuant to Rule 26(c) and sanctions imposed on FSR for failing to provide Defendants with notice of the third-party subpoenas under Rule 45(b)(1). For the reasons explained below, the Court shall grant Defendants' motion.

  A.  *Timing of Discovery*

"[U]nder the Federal Rules of Civil Procedure, parties to an action 'may not seek discovery *from any source* before the parties have conferred as required by' the Federal Rules, unless the parties agree to take discovery." *Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 11 (D.D.C. 2007) (quoting Fed. R. Civ. P. 26(d)) (emphasis added). Both the Federal Rules of Civil Procedure and the Local Rules of this Court require parties to meet at least twenty-one (21) days before a scheduling conference is held or a scheduling order is due to the Court, and the parties must confer regarding a number of issues. *See* Fed. R. Civ. P. 26(f); LCvR 16.3. This Court has not held an initial scheduling conference because of the pending motions to dismiss, and the Court has not entered a scheduling order. Moreover, it is clear from the averments of Defendants' counsel and the correspondence attached to their motion that the parties have not held a meeting as required by the rules and have not agreed to conduct discovery prior to the issuance of a scheduling order. *See* Defs.' Mot. at 3 & Ex. A (Emails between counsel for Defendants and counsel for Plaintiff). Therefore, any efforts to obtain discovery from any source are premature. *See Wada*, 525 F. Supp. 2d at 11. Accordingly, the Court shall grant Defendants' motion for a protective order and stay discovery pending the resolution of Defendants' motion to dismiss.

  B.  *Subpoenas*

Defendants have produced evidence indicating that FSR has issued third-party subpoenas to various entities seeking the production of documents in this action. *See* Defs.' Mot., Ex. C. In addition, it appears that counsel for FSR has conceded that in serving such subpoenas, he failed

2

to comply with Rule 45(b)(1), which provides in pertinent part that prior to service of a subpoena commanding the production of documents, notice must be served on each party. *See* Defs.' Mot., Ex. A at 3 (Email from T. Mensah to E. Todd) ("I consent that Plaintiff did not fully comply with FRCP 45(B) . . . ."). Accordingly, Defendants move to quash these subpoenas as improper discovery.

Rule 26(c)(1) provides in pertinent part that the Court may, for good cause, issue an order forbidding discovery to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1)(A). Rule 45(c)(3)(iv) provides that a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Because efforts to obtain discovery from any source are premature, the subpoenas issued by FSR place an undue burden on the subpoenaed entitites and are prejudicial to Defendants. Therefore, the Court shall grant Defendants' motion to quash the subpoenas issued by FSR in this matter.

C. *Request for Sanctions*

Defendants request that the Court order FSR to pay the cost of the attorneys' fees incurred by Defendants in filing their motion for a protective order. Defendants rely primarily on Rule 26(c)(3), which incorporates Rule 37(a)(5) and states that if a party's motion for a protective order is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Defendants also request sanctions for FSR's failure to provide prior notice of the subpoenas *duces tecum* issued to third parties in violation of Rule 45(b)(1). Because the Court has not yet given FSR an opportunity to be heard on Defendants' request for sanctions, the Court shall hold in abeyance Defendants' motion for sanctions and order FSR to file a response on this issue.

D. *Conclusion*

For the foregoing reasons, the Court shall GRANT Defendant Reverend John Loum's

[16] Motion to Dismiss for Lack of Personal Jurisdiction as consented to and dismiss Defendant Loum as a party without prejudice.  The Court shall GRANT Defendants LCMS and Mengsteab's [19] Motion for Protective Order and Motion to Quash with respect to their request for a protective order and an order quashing the third-party subpoenas issued by FSR and HOLD IN ABEYANCE Defendants' request for sanctions.  An appropriate Order accompanies this Memorandum Opinion.

                                              */s/*
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge